UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Lassiter, | ) C/A No. 9:11-2717-MBS-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Mildred L. Rivera, Warden, F.C.I. Estill Satellite Camp, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Robert Lee Lassiter ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief. Petitioner is an inmate in the Federal Correctional Institution Estill Satellite Camp ("FCI Estill") in Estill, South Carolina.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S.

1



5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner alleges that he "ha[s] served more time than [he is] required to serve," and is entitled to a sentence correction because "there has been a change in case law which indicates [his] initial sentence does not comply with applicable law," *i.e.* the decision in *United States v. Williams*, 558 F.3d 166 (2nd Cir 2009). *See* ECF No. 1, p. 3-5. Petitioner alleges that he pled guilty to one count of possession with intent to distribute fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. § 842(a)(1) and (b)(1)(A), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), in the United States District Court for the Eastern District of Virginia in Case No. 2:01CR180 and was sentenced, on February 15, 2002, to a total of 180 months imprisonment, of which 120 months was for the cocaine possession and 60 months was for the weapon possession. Petitioner alleges that both sentences were the



mandatory minimum sentences under the applicable statute and that he has already served 119 months.  Petitioner further alleges that "since he was subject to a greater mandatory minimum sentence, the mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A) is inapplicable to him" and he is entitled to be re-sentenced, pursuant to *Williams*.  Petitioner alleges that "the *Williams* court held that the mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A) was inapplicable where a defendant was subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense."  Petitioner alleges that his "situation falls squarely within the purview of the *Williams* case cited above, and that his sentence should therefore be reduced to remove the consecutive five-year sentence under 18 U.S.C. § 924(c)(1)(A) that he received.  *See* ECF No. 1-1, p. 1-4.

   Petitioner also alleges that he has previously filed motions to correct his sentence on the basis of "ineffective assistance of counsel (2003)" and "substantial change in law (2011)," which were denied in "2003 and June 27, 2011."  *See* ECF No. 1, p. 2.  The Administrative Office of the United States Courts' Public Access to Court Electronic Records Center ("PACER") confirms these allegations and provides further details of the procedural history of Petitioner's criminal case, *United States v. Lassiter*, C/A No. 2:01-cr-00180-RAJ (E.D. Va.) in the United States District Court for the Eastern District of Virginia, indicating that Petitioner has previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and has also previously filed two motions, pursuant to 18 U.S.C. § 3582, to reduce his sentence for possession of crack cocaine via retroactive application of new sentencing guidelines.

   Petitioner's first § 2255 motion was filed on February 14, 2003 (C/A No. 01-180, ECF No. 21) and denied on July 18, 2003 (C/A No. 01-180, ECF No. 31).  Petitioner appealed the



3

denial of his § 2255 motion to the Fourth Circuit, which dismissed Petitioner's appeal and denied a certificate of appealability in an unpublished, per curiam opinion, issued on February 13, 2004 (C/A No. 01-180, ECF No. 44). The Fourth Circuit also denied Petitioner's petition for rehearing, on May 6, 2004 (C/A No. 01-180, ECF No. 49). On January 28, 2005, Petitioner filed a motion in the United States District Court for the Eastern District of Virginia, asking the sentencing court for permission to file a second § 2255 motion to vacate, set aside, or correct his sentence (C/A No. 01-180, ECF No. 51). On February 4, 2005, Petitioner's motion was denied without prejudice to his right to move the Fourth Circuit for leave to file a successive § 2255 petition (C/A No. 01-180, ECF No. 52). However, there is no indication that Petitioner ever sought authorization from the Fourth Circuit to file a second or successive § 2255 motion.

On April 17, 2008, Petitioner moved, pursuant to 18 U.S.C. § 3582, for the sentencing court to retroactively apply new sentencing guidelines as to his crack cocaine offense (C/A No. 01-180, ECF No. 59). The sentencing court denied Petitioner's motion for a sentence reduction on June 20, 2008 (C/A No. 01-180, ECF No. 65), and denied Petitioner's motion for reconsideration on July 11, 2008 (C/A No. 01-180, ECF No. 68). Petitioner appealed the sentencing court's denial of his motion for a sentence reduction and, on December 30, 2008, the Fourth Circuit affirmed the sentencing court's judgment (C/A No. 01-180, ECF No. 71). Petitioner then submitted a letter motion for writ of certiorari, which was denied by the sentencing court on January 22, 2009 (C/A No. 01-180, ECF No. 74). On June 2, 2011, Petitioner once again submitted a motion to the sentencing court for retroactive application of new sentencing guidelines to his crack cocaine offense



(C/A No. 01-180, ECF No. 75). This motion was denied on June 27, 2011 (C/A No. 01-180, ECF No. 76).[1]

## DISCUSSION

The Petition in this case should be dismissed because Petitioner's claims are cognizable only through a direct appeal and/or under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. By filing this § 2241 Petition, Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of § 2255's gate-keeping provision and savings clause should not be allowed.

Prior to the enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, in 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners, and Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir. 1997). However, since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which is present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990);

---

[1] This Court takes judicial notice of Petitioner's prior district and circuit court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")



computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). Rather, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Further, while a petition for a writ of habeas corpus under 28 U.S.C. § 2241 must be brought against the warden of the facility where the prisoner is being held; *See* § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434-35 (2004); a motion pursuant to 28 U.S.C. § 2255 must be brought in the sentencing court. *See* § 2255(a).

    Petitioner's allegation about the propriety of his sentence, *i.e.* that he has "served more time than [he is] required to serve," goes to the underlying validity of his sentence rather than to the manner of execution of the sentence. Petitioner is challenging the sentence itself, not the actions of the Bureau of Prisons or the warden of FCI Estill in carrying out the sentence. Such a matter is not properly considered under § 2241 unless Petitioner can come within the savings clause of § 2255 by showing that this is an exceptional case where § 2255 is neither an adequate nor effective remedy for those issues.[2] *See In re Vial*, 115 F.3d 1192 (4th Cir. 1977); *see also Ward v.*

---

[2] The "savings clause" of 28 U.S.C. § 2255 states: An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion,

6



*Snyder*, 238 F.3d 426 (6th Cir. 2000) (unpublished opinion); *Tanksley v. Warden*, 229 F.3d 1154 [published in full-text format at 2000 U.S. App. LEXIS 19211] (6th Cir. 2000) (unpublished opinion); *Gonzales v. Snyder*, 221 F.3d 1342 (8th Cir. 2000) (same); *Onaghise v. Bailey*, 188 F.3d 514 (9th Cir. 1999) (same); *Elzie v. Pugh*, 194 F.3d 1320 (10th Cir. 1999) (same).

While Petitioner asserts that the § 2255 remedy is inadequate and ineffective in his situation because "there has been a change in case law which indicates [his] initial sentence does not comply with applicable law," Petitioner's challenge is based on the sentencing court's alleged improper application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and the United States Sentencing Guidelines. Petitioner claims that his "situation falls squarely within the purview of the *Williams* case", and that his sentence should be reduced to remove the consecutive five-year sentence he received under 18 U.S.C. § 924(c)(1)(A). *See* ECF No. 1-1, p. 1-4. However, in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), the Fourth Circuit held that a petitioner seeking to file a second or successive motion to vacate based on "new" law decided after entry of a conviction and sentence must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." The *Jones* court found that, if the circumstances in which a petitioner finds himself satisfy all three prongs of the test, resort may be had to § 2241 to raise a claim of actual innocence because the § 2255 remedy would

---

to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e).



7

be deemed inadequate or ineffective. *In re Jones*, 226 F.3d at 334. However, Petitioner's allegations do not satisfy the *Jones* test, the second element of which requires that the "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." This statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines, even as to the Armed Career Criminal Act, such as the one challenged here by Petitioner. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333-34). *See also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

   Here, Petitioner does not allege that he is innocent of the crime of possession of a firearm in furtherance of a drug trafficking crime. He merely alleges that, based on the Second Circuit case of *United States v. Williams*, 558 F.3d 166 (2nd Cir 2009), his 2002 sentence for that conviction should be reduced because his "initial sentence does not comply with applicable law." The *In re Jones* test has been specifically construed in this district in cases involving § 2241 petitions to find that claims of actual innocence of an enhanced sentence - as opposed to actual innocence of the underlying criminal conviction - are not properly raised via § 2241. *See Chestnut v. Mitchell*, No. 9:09-3158-RBH-BM, 2009 U.S. Dist. LEXIS 124975 (D.S.C. Dec. 21, 2009); *Evans v. Rivera*, No. 0:09-1153-JFA-PJG, 2009 U.S. Dist. LEXIS 63510 (D.S.C. July 23, 2009); *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655 (D.S.C. Apr. 7, 2009). In the *Brown* case, the court rejected the petitioner's purported actual innocence claim raised under § 2241, finding that



the second prong of the Jones test was not met because it requires that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," whereas the petitioner was attempting to assert innocence of his enhanced sentence, not his conviction, based on the recent law change. Thus, it could not be said that under the circumstances presented the § 2255 remedy was inadequate or ineffective. The petitioner in *Brown* was told that his sentencing-based claim should be raised via § 2255, if at all, and that because he had already filed one unsuccessful § 2255 motion, he would be required to seek leave from the Fourth Circuit before filing a successive § 2255 petition in this court in order to properly raise his sentencing claim.[3]

---

[3] Under 28 U.S.C. § 2255(h), "a second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(1),(2). Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a



Petitioner has not been precluded from asserting his sentencing claim under § 2255. Although the sentencing court denied his initial § 2255 motion and the Fourth Circuit denied a certificate of appealability, dismissed his appeal, and denied his petition for rehearing, he cannot say that the § 2255 remedy was inadequate or ineffective. It is well-settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n. 5. Hence, because he cannot satisfy the *In re Jones* test or show any other exceptional reason for resort to § 2241 to raise an alleged sentencing-error issue, Petitioner cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate.

Finally, it must be noted that the Second Circuit's decision in the *Williams* case, on which Petitioner relies, was vacated by the United States Supreme Court in *United States v. Williams*, 131 S. Ct. 632 (2010), and the case was remanded for further consideration in light of *Abbott v. United States*, 562 U.S. ___, 131 S. Ct. 18 (2010). In 2001, nine years before the United States Supreme Court reversed the Second Circuit's decision in *Williams*, the Fourth Circuit considered and rejected the interpretation of the "except" clause in § 924(c)(1)(A) that the Second Circuit adopted, holding instead that the "except" clause applied only to provisions applying a greater minimum sentence to the § 924(c) violation itself, not to predicate offenses. *See United States v. Studifin*, 240 F.3d 415 (4th Cir. 2001). The Fourth Circuit's interpretation was also the

---

petition for rehearing or for a writ of certiorari."

28 U.S.C. § 2244(b)(3)(B) - (E).



interpretation of nearly every other circuit court of appeals to consider the question, prior to the United States Supreme Court's 2010 decision overturning the Second Circuit's 2009 holding in *Williams*.  Thus, Petitioner's reliance on the Second Circuit's decision in *Williams* is misplaced and Petitioner's legal argument is unavailing.

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice and without issuance and service of process upon Respondent.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

December 9, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

